**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **FERRUIZ IP LLC,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | **Civil Action No. 6:23-cv-00188** |
| **v.** | ) | |
| | ) | |
| **SIGNIFY NORTH AMERICA** | ) | |
| **CORPORATION,** | ) | **JURY TRIAL DEMANDED** |
|     **Defendant.** | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Ferruiz IP LLC ("Plaintiff" or "Ferruiz") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. US 10,066,808 ("the '808 patent") (referred to as the "Patent-in-Suit") by Signify North America Corporation ("Defendant" or "Signify").

**I.       THE PARTIES**

1.   Plaintiff is a Texas Limited Liability Company with its principal place of business located in Austin, Texas.

2.   On information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware. Defendant has regular and established place of business in this District at 1611 Clovis R Barker Rd., San Marcos, Texas 78666. Defendant is registered to do business in Texas and has may be served via its registered agent Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620 Austin, Texas 78701, at its place of business, or anywhere else it may be found.

**II.      JURISDICTION AND VENUE**

3.  This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4.  This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5.  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

**III.    INFRINGEMENT - Infringement of the '808 Patent**

6.  On September 4, 2018, U.S. Patent No. 10,066,808 ("the '808 patent", included as Exhibit A and part of this complaint) entitled "Optical System for Luminaries and LED Lighting" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '808 patent by assignment.

7.  The '808 patent relates to novel and improved devices or light systems for LED lighting technology for lenses and optical components used in luminaires and LED lamps.

8.  Defendant maintains, operates, and administers systems, products, and services to provide devices or light systems for LED lighting technology for lenses and optical components used in luminaires and LED lamps that infringes one or more of claims 1-6 of the '808 patent, literally or under the doctrine of equivalents. Defendant puts the inventions claimed by the '808 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9.  Support for the allegations of infringement may be found in the chart attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

10. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., method to make an optical system for luminaires and LED lamps) such as to cause infringement of one or more of claims 1-6 of the '808 patent, literally or under the doctrine of equivalents.  Moreover, Defendant has known of the '808 patent and the technology underlying it from at least the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

11. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., method to make a optical system for luminaires and LED lamps) and related services such as to cause infringement of one or more of claims 1-6 of the '808 patent, literally or under the doctrine of equivalents. Further, there are no

---

[1] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

substantial noninfringing uses for Defendant's products and services. Moreover, Defendant has known of the '808 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint.

12. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '808 patent.

### IV.    JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

### V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.    enter judgment that Defendant has infringed the claims of the '808 patent;

b.    award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.    award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.    declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e.    declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

---

[2] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

f.   a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.   award Plaintiff such other and further relief as this Court deems just and proper.

DATED: March 13, 2023                   Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com

Jeffrey E. Kubiak
Texas Bar No. 24028470
jkubiak@rameyfirm.com

5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

***Attorneys for FERRUIZ IP LLC***